IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03374-PAB-STV

JAMES EWTON,

    Plaintiff,

v.

MATRIX ANALYTICS, INC. d/b/a EON,

    Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 21] under Fed. R. Civ. P. 12(b)(6). Defendant Matrix Analytics, Inc. seeks an order dismissing plaintiff's claim under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 to -124 (2020) (the "CWCA"), for failure to state a claim. *See generally* Docket No. 21. The Court has jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND[1]

Defendant is a data analysis and consulting firm for financial, retail, and healthcare services. Docket No. 19 at 2, ¶ 7. Defendant conducts business in Denver, Colorado. *Id.* at 1, ¶ 2. Plaintiff James Ewton began working for defendant as an independent consultant in 2017. *Id.* at 2, ¶ 8. Plaintiff resided in Tennessee when he

---

[1] The facts below are taken from plaintiff's amended complaint, Docket No. 19, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

worked for defendant.  *Id.* at 1, ¶ 1.  Defendant hired plaintiff as the Director of Business on April 8, 2018.  *Id.* at 2, ¶ 8.  On the same date, plaintiff signed an "At-Will Employment[,] Noncompetition, Confidential Information, and Invention Assignment Agreement" (the "Agreement").  *Id.* at 2, ¶¶ 6, 8.  The Agreement included a choice of law provision stating:

> [t]his Agreement will be governed by the laws of the State of Colorado without giving effect to any choice of law rules or principles that may result in the application of the laws of any jurisdiction other than Colorado.  To the extent that any lawsuit is permitted under this Agreement, I hereby expressly consent to the personal jurisdiction of the state and federal courts located in Denver, Colorado for any lawsuit filed against me by the Company.

*Id.*, ¶ 6.  Defendant compensated plaintiff with an annual salary, stock options, medical benefits, and commissions on profits plaintiff made for defendant.  *Id.* at 2-3, ¶ 9.

On December 20, 2019, defendant terminated plaintiff's employment.  *Id.* at 3, ¶ 13.  Defendant failed to pay plaintiff all earned, vested, and determinable wages at that time and had not paid plaintiff as of the time plaintiff filed this lawsuit.  *Id.*, ¶¶ 14-15.  Plaintiff is owed $356,622 in commissions, $313 in annual salary earnings, and $556 in unpaid paid time off.  *Id.*, ¶¶ 16-18.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Id.* at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a

complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).

## III. ANALYSIS

Defendant argues plaintiff has not alleged a claim under the CWCA because plaintiff fails to allege that, during the time he worked for defendant, he was a resident of Colorado or that he worked in Colorado. Docket No. 21 at 3. Defendant argues that the CWCA only applies to workers in Colorado. *Id.* at 3-4. Plaintiff, however, resided in Tennessee. Docket No. 19 at 1, ¶ 1. As a result, defendant argues that plaintiff lacks standing under the CWCA to allege a cause of action. Docket No. 21 at 5. Plaintiff responds that he does have standing because the CWCA applies to anyone performing services for an employer as defined by the CWCA or, alternatively, because the Agreement contains a choice of law provision specifying that Colorado law governs the Agreement. Docket No. 25 at 4-7, 10-12.

The Court agrees with defendant that the CWCA only applies to employees in Colorado.[2] *See Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1205-06 (D. Colo. 2015) ("The Wage Claim Act applies only to workers *in Colorado*."); *Sanchez v. Q'Max Sols., Inc.*, No. 17-cv-01382-CMA-KLM, 2018 WL 1071133, at *3 (D. Colo. Feb. 27, 2018) ("Plaintiff admits that he did not work in Colorado and that he is not a

---

[2] "The CWCA . . . [is] implemented through Colorado Minimum Wage Orders ("Wage Orders"), which are regularly promulgated by the Colorado Department of Labor and Employment." *Gomez v. JP Trucking, Inc.*, 509 P.3d 429, 433 (Colo. 2022). "Starting in 2020, the Department renamed its Wage Orders; they are now titled Colorado Overtime and Minimum Pay Standards ("COMPS") Orders." *Id.* at 433-34. For clarity, the Court will refer to COMPS Orders as "Wage Orders."

resident of Colorado.  Under these circumstances, the CWCA and the Colorado Wage Order do not, therefore, apply to him.").

Plaintiff argues that *Abdulina* and *Sanchez* are distinguishable because the most recent Wage Order, 7 Colo. Code Regs. § 1103-1 (2022) (hereinafter "Wage Order 38"), expanded the scope of the CWCA.  Docket No. 25 at 10.  Plaintiff claims that the language in Wage Order 38 that the order covers "employees for work performed within Colorado," Wage Order 38 at 1:2.1, is more expansive than the language in prior orders referring to "work performed within the boundaries of the state of Colorado."  Docket No. 25 at 11; *see* 7 Colo. Code Regs. § 1103-1:1.1 (effective between Jan. 1, 2018 and Dec. 31, 2018) (hereinafter "Wage Order 34"); 7 Colo. Code Regs. § 1103-1:1.1 (effective between Jan. 1, 2019, and March 15, 2020) (hereinafter "Wage Order 35"). Plaintiff therefore claims that Wage Order 38 should be interpreted to cover any work, regardless of where such work is performed, done for an employer in Colorado.  Docket No. 25 at 11.  The Court does not see a meaningful difference in the language of Wage Order 38 and therefore finds that plaintiff has provided no basis to distinguish *Abdulina* or *Sanchez*.

Additionally, plaintiff has not demonstrated that Wage Order 38 applies to plaintiff's claims.  Wage Order 38 states that it overrules "prior orders, except that the provisions of prior orders still govern as to events occurring while they were in effect." Wage Order 38 at 1:1.1.  Wage Order 38 was made effective on January 1, 2022.  *See id.*  Plaintiff alleges he worked in the capacity of Director of Business from April 8, 2018 until December 20, 2019.  Docket No. 19 at 2-3, ¶¶ 8, 13.  Plaintiff alleges that under the CWCA defendant was to pay plaintiff at the time of discharge, on December 20,

4

2019.  *Id.* at 3, ¶ 19.  Wage Order 34 was effective from January 1, 2018 until December 31, 2018.  It states that it applies to "employees for work performed within the boundaries of the state of Colorado."  Wage Order 34 at 1:1.  Wage Order 35 applied from January 1, 2019 until March 15, 2020 and states that it covers "employees for work performed within the boundaries of the state of Colorado."  Wage Order 35 at 1.1.  This is the same language that has been interpreted to only apply to employees in Colorado by the court in *Sanchez*.  See *Sanchez*, 2018 WL 1071133, at *3.  Since Wage Order 38 states it does not apply to conduct that took place before its effective date, even if plaintiff could demonstrate that Wage Order 38 should be interpreted to include work done for Colorado employers by nonresidents, plaintiff has not pled any facts to plausibly allege that any Wage Order outside of Wage Orders 34 and 35 would apply to plaintiff's claims.

Plaintiff argues that a forum selection clause in his contract allows him to bring his claim in Colorado.  Docket No. 25 at 5-7.  The Court rejects this argument.  Plaintiff claims that the court in *Abdulina* ruled that "the plaintiff's complaint did not plead a choice of law provision (and the court in this case suggests that, if the plaintiff *had*, the claim would be covered by the chosen state's law)."  *Id.* at 7 (emphasis in original).  In fact, the court in *Abdulina* ruled that plaintiff could not rely on a case interpreting Pennsylvania law for the proposition that a choice of law agreement created standing and stated that the court was unaware of any precedent from Colorado or the Tenth Circuit in support of the idea that Colorado treats choice of law and statutory disputes in a similar manner as Pennsylvania.  *Abdulina,* 79 F. Supp. 3d at 1207.  Additionally, when faced with a similar argument, the court in *Sanchez* ruled that a choice of law

5

provision could not confer standing under the Colorado Wage Claims Act because wage claims under the CWCA are extra-contractual and not derived from employment contracts.  *Sanchez,* 2018 WL 1071133 at *3.  The court opined that, "[a]lthough provisions in an employment contact, like the independent contractor provisions in this case, may be used as evidence to support or defeat a Colorado wage claim, those provisions do not create the basis for a cause of action under Colorado labor laws."  *Id.*

Plaintiff argues that his claim is distinguishable from *Sanchez* and covered by the Agreement, but cites no authority and provides no specific argument to explain why.  *See* Docket No. 25 at 7.  Plaintiff simply states that his wage claims necessarily arise under the contract as wages were part of the Agreement given that his employment contract provided for compensation.  *Id.*  Plaintiff's complaint does not allege that wages were a part of the Agreement.  *See* Docket No. 19 at 2, 4-5, ¶¶ 6, 23-31.  Additionally, the Agreement[3] states that it covers "condition[s] of [plaintiff's] employment or continued employment . . . with [defendant]" and references "the compensation paid to [plaintiff] by [defendant]."  Docket No. 21-1 at 26.  Plaintiff argues that this language supports his assertion that the Agreement covered wages.  Docket No. 25 at 4.  The choice of law provision provides that the "Agreement will be governed by the laws of the State of Colorado," but does not reference performing work in Colorado, Tennessee, or elsewhere, and does not state that Colorado law would apply to wage disputes

---

[3] The Court may consider the Agreement, attached to the motion to dismiss as Exhibit 6 to Attachment A, Docket No. 21-1 at 25, because it is referenced in the complaint, Docket No. 19 at 2, ¶ 6, and plaintiff does not dispute the document's authenticity.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.") (citation omitted).

(assuming the parties could so agree). Docket No. 21-1 at 32, ¶ 13(A). Accordingly, plaintiff's complaint fails to state a claim under the CWCA against defendant.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 21] is **GRANTED**. It is further

**ORDERED** that plaintiff's claim is **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED September 28, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge